# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WHOLESALE PARTNERS, LLC,**

    Plaintiff,

    -vs-                                      **Case No. 12-C-747**

**MASTERBRAND CABINETS, Inc.,**

    Defendant.

## DECISION AND ORDER

On October 4, the Court denied cross-motions for summary judgment in this diversity action for breach of contract and violation of the Wisconsin Fair Dealership Law ("WFDL"), Wis. Stat. §§ 135.01, et seq. ECF No. 45; 2013 WL 5506842. Both parties filed motions in limine in advance of trial, which the Court addresses herein.

The defendant, MasterBrand Cabinets, Inc., moves to exclude the plaintiff's damages expert, Frank A. Bernatowicz, from offering testimony under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Rule 702 requires the Court to perform a "gatekeeping" function before admitting expert scientific testimony in order to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert* at 589. The Court must make the following inquiries: first, the expert must be qualified by knowledge, skill, experience, training, or education; second, the proposed expert testimony must assist the trier of fact in determining a relevant fact at issue in the case; third, the expert's

testimony must be based on sufficient facts or data and reliable principles and methods; and fourth, the expert must have reliably applied the principles and methods to the facts of the case. *Lees v. Carthage College*, 714 F.3d 516, 521-22 (7th Cir. 2013). With regard to reliability, the Court considers a non-exhaustive list of guideposts, including whether the scientific theory can be or has been tested, whether the theory has been subjected to peer review and publication, and whether the theory has been generally accepted in the relevant scientific, technical, or professional community. *Am. Honda Motor Co., Inc. v. Allen*, 600 F.3d 813, 817 (7th Cir. 2010) (citing *Daubert* at 593-94).

MasterBrand's primary argument is that Bernatowicz failed to account for the possibility that the closure of Wholesale Partners' Kenosha store caused it to lose commercial viability, as opposed to MasterBrand's later termination of the dealership. *See, e.g., Med. Assur. Co., Inc. v. Miller*, 779 F. Supp. 2d 902, 913 (N.D. Ind. 2011) ("In addition to the factors set forth in *Daubert*, a court . . . may 'look at whether the witness has adequately accounted for alternative explanations for the effect whose cause is at issue'"). However, Bernatowicz doesn't offer an opinion as to why Wholesale Partners went out of business. Instead, Bernatowicz's opinion assumes that MasterBrand is liable for the alleged wrongdoing. As a damages expert, Bernatowicz is "entitled to presume causation (a prerequisite to recovery which will have to be established by evidence other than [the expert's] testimony)." *CRST Van Expedited, Inc. v. J.B. Hunt Transport, Inc.*, No. CIV-04-0651-F, 2006 WL 2054646, at *4 (W.D.

Okla. July 24, 2006).

MasterBrand also argues that Bernatowicz's opinion on dissolution costs is unreliable because he failed to audit Wholesale Partners' financial statements. However, the "reliability of data and assumptions used in applying a methodology is tested by the adversarial process and determined by the jury; the court's role is generally limited to assessing the reliability of the methodology – the framework – of the expert's analysis." *Manpower, Inc. v. Ins. Co. of the State of Penn.*, 732 F.3d 796, 808 (7th Cir. 2013). This is not to say that Bernatowicz could have based his opinion on an absurd set of data, e.g., "the size of the white rhino population in Africa," *id.* at 809, but his opinion is clearly based on "sufficient facts," the type of data typically used by accountants. *See, e.g., Stollings v. Ryobi Tech., Inc.*, 725 F.3d 753, 766 (7th Cir. 2013); *Tuf Racing Products, Inc. v. Am. Suzuki Motor Corp.*, 223 F.3d 585, 591 (7th Cir. 2000).

MasterBrand's remaining arguments can be summarily addressed. First, MasterBrand argues that Bernatowicz's calculation of Wholesale Partners' negative net worth is "speculative and unreliable." As Bernatowicz explains, before MasterBrand terminated the dealership, Wholesale Partners had a capital balance of $104,923; after termination, the balance dropped by over $470,000. There is nothing speculative or unreliable about this straightforward calculation. Second, MasterBrand argues that Bernatowicz arrived at his opinion on lost profits in the final quarter of 2011 "without any methodology." Again, this is simply incorrect. ECF No. 48-1,

Bernatowicz Report at 21-22 ("I have estimated Wholesale Partners lost profits through the following approach: . . ."). Finally, MasterBrand argues that Wholesale Partners cannot recover amounts owed to third parties. MasterBrand's attempt to frame this as a standing issue is misguided. The issue isn't that Wholesale Partners is trying to recover money on behalf of third parties. The issue is that Wholesale Partners is unable to service those debts, a type of damage that flows "naturally and probably" from the termination of Wholesale Partners' dealership. *Matthews v. Wis. Energy Corp.*, 642 F.3d 565, 571 (7th Cir. 2011).

As for Wholesale Partners' motion in limine, Wholesale Partners argues that MasterBrand's argument about the Kenosha location should be excluded because it is inconsistent with, and contradicted by, MasterBrand's judicial admission that the loss of the ability to sell MasterBrand cabinets caused Wholesale Partners to go out of business. Wholesale Partners' Proposed Findings of Fact, ¶63 ("Having suddenly lost the MasterBrand dealership, and having no time to locate an alternative, replacement dealer of cabinets, Wholesale Partners' business lost commercial viability and ceased doing business"). However, there can be more than one cause or "substantial factor" giving rise to a plaintiff's injuries. *Clark v. Leisure Vehicles, Inc.*, 292 N.W.2d 630, 635 (Wis. 1980); *Reiman Assoc., Inc. v. R/A Advertising, Inc.*, 306 N.W.2d 292, 301 (Wis. Ct. App. 1981) (applying "substantial factor" causation analysis to action for breach of contract). Accordingly, MasterBrand's argument that closing the Kenosha store contributed to Wholesale Partners' demise is not inconsistent with the purported

judicial admission.  *See, e.g., Schwartz v. United States*, 70 F.3d 1274, 1995 WL 703712, at *3 (7th Cir. Nov. 27, 1995) (Unpublished Disposition) ("Some other event which is a contributing factor in producing the harm may have such a predominant effect in bringing it about as to make the effect of the actor's negligence insignificant and, therefore, to prevent it from being a substantial factor.  So too, although no one of the contributing factors may have such a predominant effect, their combined effect may, as it were, so dilute the effects of the actor's negligence as to prevent it from being a substantial factor") (citing Restatement (Second) of Torts § 433, applying Wisconsin law).  MasterBrand's admission is nothing more than an acknowledgement that the alleged breach/termination was a factor in bringing about the harm, but not necessarily a substantial factor.  *McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 680 (7th Cir. 2002) (judicial admissions are "any deliberate, clear and unequivocal statement, either written or oral, made in the course of judicial proceedings").

Both parties' motions in limine [ECF Nos. 46, 51] are **DENIED**.

The Court also notes that it must cancel the final pretrial conference and trial dates as currently scheduled.  The Court will initiate and conduct a telephonic status conference on **February 18, 2014** at **9:30 a.m. (CST)** for re-scheduling purposes.

Dated at Milwaukee, Wisconsin, this 4th day of February, 2014.

            **BY THE COURT:**

            _____
            **HON. RUDOLPH T. RANDA**
            **U.S. District Judge**